UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FRIZZELL, | No. 2:15-cv-00407-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| DOLLAR TREE STORES, INC., | |
| Defendant. | |

This matter came before the court on the parties' joint stipulation for dismissal of this putative class action with prejudice. ECF No. 18. For the following reasons and as described below, the court approves the stipulation and dismisses this action with prejudice.

Federal Rule of Civil Procedure 23 governs the litigation of class actions in federal court. Rule 23(e) includes several provisions on the settlement and voluntary dismissal of class actions, but that subsection requires the court's approval of a settlement only when a class has been certified. *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."); *see also id.* advisory comm. notes to 2003 am. ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.").

Because no class has been certified in this case, the court need not approve the parties' settlement agreement.

Nevertheless, Rule 23(d)(1) allows the court to "issue orders that . . . require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of . . . any step in the action . . . ." Fed. R. Civ. P. 23(d)(1)(B)(i); *see also Del Rio v. CreditAnswers, LLC*, No. 10CV346, 2011 WL 1869881, at *2 (S.D. Cal. May 16, 2011). Similarly, the court may also consider "'whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members with a reasonable reliance expectation of the maintenance of the action for the protection of their interests,'" and the court may "'inquire into possible prejudice from . . . lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations.'" *Del Rio*, 2011 WL 1869881, at *2 (quoting *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1407–08 & n.3 (9th Cir. 1989)); *accord Lewis v. Vision Value, LLC*, No. 11-01055, 2012 WL 2930867, at *3 (E.D. Cal. July 18, 2012)).

Here, the court is satisfied that dismissal of this action will result in no prejudice to the putative or represented class members. This is not a widely publicized case, and potential class members are unlikely to have relied on this action to vindicate their interests. *See, e.g.*, *Castro v. Zenith Acquisition Corp.*, No. 06-04163, 2007 WL 81905, at *2 (N.D. Cal. Jan. 9, 2007). Moreover, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). And perhaps most importantly, another case currently pending in Solano County Superior Court, *Stafford v. Dollar Tree Stores, Inc.*, No. FC5043461 (Solano Cnty. Super. Ct. filed May 7, 2014), is essentially this case's duplicate. *See Diaz*, 876 F.2d at 1411 (dismissal of an uncertified class action without notice to the class may be appropriate when an identical class action is pending in another court (citing *Larkin General Hospital*, 93 F.R.D. 497 (E.D. Pa. 1982)).

1  All claims, excluding the complaint's fifth claim, are dismissed with prejudice.
2  The fifth claim, for violation of California Labor Code Section 2698 *et seq.*, is dismissed with
3  prejudice for (1) all plaintiff Mark Frizzell's individual claims under Labor Code Section 2698 *et*
4  *seq.*, and (2) all of Frizzell's rights under Labor Code Section 2698 *et seq.* to represent any other
5  putative aggrieved employees.  This action is DISMISSED.  CASE CLOSED.
6  IT IS SO ORDERED.
7  DATED: September 15, 2015.

_____
UNITED STATES DISTRICT JUDGE